**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| John P. Lang Jr. <br> Marie D. Lang <br>                 **Debtors** | : <br> : <br> : <br> : | Bankruptcy No. 19-15699-ELF |
| John P. Lang Jr. <br> Marie D. Lang <br>                 **Plaintiffs** <br> vs. <br> **Internal Revenue Service** <br>                 **Defendant** | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adversary No. <br><br> Adversary Complaint |

## COMPLAINT

The Plaintiffs, John P. Lang Jr. and Marie D. Lang, by and through their attorney, Jeffery A. Fournier, Esquire, files this Complaint to determine the validity of the amount and secured interest of Proof of Claim #4 filed by the Internal Revenue Service and allege the following in support of the requested relief:

### I. JURISDICTION

1. This is an Adversary proceeding in which Plaintiffs are seeking the Court to determine the validity of the claim amount and the secured interest of the Claim pursuant to 11 U.S.C. Section 506(a) et seq.. and Federal Rules of Bankruptcy Procedure 7001(2).

2. This Court has jurisdiction pursuant to 28 U.S.C. § 157 and 1334.

3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

4. Plaintiff has standing to bring his action pursuant to 11 U.S.C Sections 1303, 1306(b).

5. Venue is proper pursuant to 28 U.S.C. § 1409(a).

## II. BACKGROUND FACTS

6. Plaintiffs, John and Marie Lang, filed a Chapter 13 Bankruptcy on September 12, 2019. Schedule "D" reflected Internal Revenue Service with a Secured Claim of $34,552.00. The Initial Chapter 13 Plan filed on September 26, 2019 addressed the Internal Revenue Service as the primary creditor.

7. On or about October 15, 2019, the Internal Revenue Service filed Proof of Claim #4 with a claimed Secured Amount of $55,748.35 and General Unsecured Amount of $3,472.53 for a Total Claim Amount of $59,221.48.

8. The basis of Defendant's Claim is two Federal Tax Lien documents. One filed on February 23, 2011 with Court of Common Pleas of Bucks County, Case No. 2011-20292 against John P. Lang Jr. in the amount of $46,785.94 comprising of Civil Tax Penalties for the period of June 30, 2008 through December 31, 2008. The second Federal Tax Lien filed on December 1, 2014 with Court of Common Pleas of Bucks County, Case No. 2014-20751 against Marie D. Lang in the amount of $34,552.43 comprising of Civil Tax Penalties for the period June 30, 2008 through December 31, 2008.

9. On or about September 20, 2011, the Plaintiffs executed an Installment Agreement where they agreed to pay the Internal Revenue Service between $315.00/month up to $515.00/month to resolve their tax debt.

10. Plaintiffs made payment to the Defendant in accordance with the Installment Agreement. However, Plaintiffs never received an accounting reflecting installment amounts received, undated balances, accrued interest nor penalties assessed.

11. Plaintiffs believe payments made pursuant to the Installment Agreement went toward Secured Civil Penalties.

### III. COUNT I

### OBJECTION TO PROOF OF CLAIM NO. 4
### PURSUANT TO RULE 7001(2) TO DETERMINE THE
### VALIDITY AND OTHER INTEREST OF PROOF OF CLAIM

12. Paragraphs One (1) through Eleven (11) a incorporated herein as if set forth in full.

13. Plaintiffs seek relief under Rule 7001(2) to determine the validity and other interest of the Proof of Claim.

14. Plaintiffs believe the Proof of Claim is overstated both in the calculations of Penalties, Interest and Past Due Balance.

15. Plaintiffs executed an Installment Agreement with Defendant which required Plaintiffs to Pay Defendant $315.00/month up to $515.00/month toward the 2008 Tax Liability.

16. Plaintiffs made substantial payments to the Internal Revenue Service pursuant to the Installment Agreement.

17. Defendant, in addition to receiving payments pursuant to the Installment Agreement levied financial accounts and other property to satisfy the Plaintiffs' Tax Liability.

18. Defendant didn't provide nor Plaintiffs receive an accounting reflecting installment amounts received and updated balances.

19. Defendant didn't provide Plaintiffs with an accounting of Interest and Penalties that accrued for the tax liability reflected in the Proof Claim.

20. Plaintiffs demand that a full accounting of tax liability including but not limited to credits for payments made, levied accounts and other assets applied to the tax liability, running balances, accrued interest and penalties. Plaintiffs believe such accounting would reflect substantially less

owed than asserted in the Proof of Claim and the total amount and secured portion of the proof of claim is overstated.

21. Defendant failed to separate the liability between each Debtor/Plaintiff as reflected in the Federal tax Liens filed with the Court of Common Pleas of Bucks County. Furthermore Plaintiffs believe the Federal Tax Claims for each Debtor/Plaintiff originate out of the same liability which is substantially less that the Proof of Claim filed with this Court. Thus the total amount and secured portion of the proof of claim is overstated.

WHEREFORE, Plaintiffs respectfully request that the Court grant this relief and reduce the total Proof of Claim filed by Defendant.

## IV. COUNT II

### DETERMINATION OF SECURED STATUS OF PROOF OF CLAIM PURSUANT TO 11 U.S.C. SECTION 506(a) ET. SEQ.

22. Paragraphs One (1) through Twenty (21) above are incorporated heroine as if set forth in full.

23. Plaintiffs seek relief with this Court determine the validity and extent of defendant's secured Interest in Proof of Claim #4 filed September 26, 2019 pursuant to 11 U.S.C. Section 506(a) et seq.

24. Defendant's Proof of Claim alleges a secured claim amount of $55,748.95.

25. Plaintiffs' real estate is encumbered by mortgage liens which exceeds the value of the real estate Plaintiffs owned at the time the bankruptcy was filed. Plaintiffs' real property is scheduled for sheriff sale.

26. Plaintiffs assert that the security portion of Plaintiffs Claim exceeds the equity value of real estate Debtors owned at the time the bankruptcy was filed. In the alternative the real estate listed in the debtors assets is to be surrendered according to the most recent filed plan.

27. Plaintiffs assert that Defendants secured portion of their Claim exceeds the value of Debtor's personal property.

28. Plaintiffs seek to reduce the Defendant's Secured Claim based on Debtors personal property, less exemptions claim if applicable, and re-categorize the secured portion as Unsecured pursuant to 11 U.S.C. Section 506(a) et. seq.

WHEREFORE, Plaintiff respectfully request that the Court grant relief and reclassify Defendant's Claim as unsecured or part of Claim as unsecured.

Respectfully Submitted,

/s/ Jeffery A. Fournier, Esquire
Jeffery A. Fournier, Esquire
Attorney for Plaintiffs/Debtors

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| John P. Lang Jr.<br>Marie D. Lang<br>　　　　Debtors | : <br> : <br> : <br> : | Bankruptcy No. 19-15600-ELF |
| John P. Lang Jr.<br>Marie D. Lang<br>　　　　Plaintiffs<br>　　vs.<br>Internal Revenue Service<br>　　　　Defendant | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : | Adversary No.<br><br>Adversary Complaint |

## VERIFICATION

I, hereby state:

1. I verify that the statements made in this pleading/answer are true and correct to the best of my knowledge, information and belief; and

2. I understand that the statements made in this pleading/answer are made subject to the penalties of 18 Pa.C.S. § 4904 relating to unsworn falsification to authorities.

_____
JOHN P. LANG JR.

_____
MARIE D. LANG